# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

**CLEMENTE GARCIA-MANCHA, et al.**           *
**and all others similarly situated,**        *
                                              *
    **Plaintiffs,**                            *
                                              *
**v.**                                        *   **Civil Action No. 6:10**
                                              *   **CV-00036**
                                              *
**HENDRIX PRODUCE, INC., RAYMOND**            *
**EARL HENDRIX, INDIVIDUALLY,**               *
**YESENIA MERINO AND JUANA ROJAS**            *
                                              *
    **Defendants.**                            *
                                              *

## <u>DEFENDANT YESENIA MERINO'S ANSWER</u>
## <u>TO PLAINTIFFS COMPLAINT</u>

COMES NOW, Defendant Yesenia Merino and files this Answer to the Complaint filed against her individually by Plaintiffs alleging FLSA and breach of contract violations.  This Answer is submitted solely on behalf of Defendant Merino and not the other Defendants named in this Complaint.

## <u>FIRST DEFENSE</u>

Defendant Merino responds to the numbered paragraphs of the Complaint as follows:

1.      Defendant Merino admits in part and denies in part Paragraph 1.  Defendant admits that she hired migrant agricultural workers from Mexico under the H-2A visa program to perform work in and around Candler County, Georgia in 2007, 2008 and 2009.  Defendant denies that she employed all named and opt-in plaintiffs that brought this lawsuit. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA") on behalf of themselves and other similarly situated workers and Georgia contract law.  Defendant denies that she violated the FLSA or Georgia contract law as alleged in the Complaint.

2.      Defendant does not have sufficient information to admit or deny Paragraph 2.

3.      Defendant denies Paragraph 3.  Defendant further states that she did reimburse her H-2A workforce for pre-employment expenses in the first workweek as required by law.

4.      Defendant denies Paragraph 4.

5.      Defendant admits that Plaintiffs seek the stated relief but denies that Plaintiffs are entitled to any relief.

6.      Paragraph 6 is a statement of law and contains no allegation to which a response is required.  To the extent a response is required, Defendant admits

that Plaintiffs are attempting to assert jurisdiction under 28 U.S.C. §§ 1331, 1337 and 28 U.S.C. §§ 216(b), 1367.

7.    Paragraph 7 is a statement of law and contains no allegation to which a response is required.  To the extent a response is required, Defendant admits that Plaintiffs are attempting to assert supplemental jurisdiction over their state law claims.

8.    Paragraph 8 is a statement of law and contains no allegation to which a response is required.  To the extent a response is required, Defendant admits that Plaintiffs are attempting to assert venue is proper in this matter.

9.    Defendant admits in part and denies in part Paragraph 9.  Defendant admits that some of the Named and Opt-In Plaintiffs that have brought this lawsuit were hired and employed by Defendant Yesenia Merino as H-2A agricultural guest workers.  Defendant Merino denies that all Plaintiffs were employed by all Defendants named in this action.

10.   Paragraph 10 contains no allegation to which a response is required.

11.   Defendant Merino does not have sufficient information to admit or deny Paragraph 11.

12.   Defendant Merino does not have sufficient information to admit or deny Paragraph 12.

13.  Defendant Merino admits that Defendant Hendrix Produce provided workers' compensation insurance coverage for her H-2A workers. Defendant does not have sufficient information to admit or deny the remaining allegations.

14.  Defendant Merino does not have sufficient information to admit or deny Paragraph 14.

15.  Defendant Merino does not have sufficient information to admit or deny Paragraph 15.

16.  Defendant Merino does not have sufficient information to admit or deny Paragraph 16.

17.  Defendant Merino does not have sufficient information to admit or deny Paragraph 17.

18.  Defendant Merino admits paragraph 18.

19.  Defendant Merino admits paragraph 19.

20.  Defendant admits in part and denies in part Paragraph 20.  Defendant Merino admits that it contracted with Defendant Hendrix Produce, Inc. to plant and harvest crops.  Defendant Merino denies that it contracted directly with Defendant Hendrix or that it contracted to provide labor to Defendant Hendrix Produce, Inc.

21.     Defendant Merino denies that she was an agent for the Hendrix Defendants and denies that any of her acts or omissions were within the scope of her authority and attributable to the Hendrix Defendants.

22.     Defendant Merino admits that she was the employer for a certain number of Named and Opt-In Plaintiffs that have brought this lawsuit.    Defendant Merino denies however that she was the employer for all Plaintiffs and other similarly situated workers.

23.     Defendant Merino does not have sufficient information to admit or deny Paragraph 23.

24.     Defendant Merino does not have sufficient information to admit or deny Paragraph 24.

25.     Defendant Merino does not have sufficient information to admit or deny Paragraph 25.

26.     Defendant Merino does not have sufficient information to admit or deny Paragraph 26.

27.     Defendant Merino does not have sufficient information to admit or deny Paragraph 27.    Notwithstanding, Defendant Merino denies that Defendants Hendrix Produce or Hendrix were Plaintiffs' employers under the law.

28.   Defendant admits in part and denies in part Paragraph 28.   Defendant
      Merino admits that these H-2A Plaintiffs worked for her during the 2007
      season but denies that they worked for the Hendrix Defendants.

29.   Defendant Merino does not have sufficient information to admit or deny
      Paragraph 29.

30.   Defendant Merino does not have sufficient information to admit or deny
      Paragraph 30.

31.   Defendant admits in part and denies in part Paragraph 31.   Defendant
      Merino admits that this H-2A Plaintiff worked for her during the 2008
      season but denies that he worked for the Hendrix Defendants.

32.   Defendant admits in part and denies in part Paragraph 32.   Defendant
      Merino admits that these H-2A Plaintiffs worked for her during the 2009
      season but denies that they worked for the Hendrix Defendants.

33.   Defendant Merino admits Paragraph 33.

34.   Paragraph 34 is a statement of law concerning the statute and regulations
      which speak for themselves and does not require a response.  To the extent
      that a response is required, Defendant Merino admits this paragraph.

35.   Paragraph 35 is a statement of law concerning the statute and regulations
      which speak for themselves and does not require a response.  To the extent
      that a response is required, Defendant Merino denies that either the

agricultural grower or the crewleader had to file a certification under the H-2A program. Defendant Merino further denies any assertion that she was a crewleader of the agricultural grower. Instead, Defendant Merino was an independent contractor that contracted to provide services to Defendant Hendrix Produce and Defendant Merino separately applied for and was certified to employ her group of H-2A workers.

36. Paragraph 36 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. To the extent that a response is required, Defendant Merino admits this paragraph.

37. Paragraph 37 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. To the extent that a response is required, Defendant Merino admits this paragraph.

38. Paragraph 38 is a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

39. Paragraph 39 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. Defendant Merino denies that all Defendants promised to abide by the regulations covering the H-2A workers.

40. Paragraph 40 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. Defendant

Merino denies that all Defendants promised to abide by the regulations covering the H-2A workers.

41.  Paragraph 41 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response.  Defendant Merino denies that all Defendants promised to abide by the regulations covering the H-2A workers.

42.  Paragraph 42 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response.  To the extent that a response is required, Defendant Merino admits this paragraph.

43.  Paragraph 43 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response.  To the extent that a response is required, Defendant Merino admits this paragraph.

44.  Defendant Merino admits that the applicable AEWR rate for H-2A contracts applied for after February 21, 2007 and before February 26, 2008 was $8.51.  However, Defendant Merino applied for her 2007 H-2A contract workers on February 5, 2007 when the applicable AEWR rate was only $8.37.  See 71 FR 13633-01, 72 FR 7909-01 and 73 FR 10288-01.

45.  Defendant Merino admits Paragraph 45.

46.  Paragraph 46 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response.  Defendant

Merino denies that all Defendants promised to abide by the regulations covering the H-2A workers.

47. Paragraph 47 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

48. Paragraph 48 is a statement of law concerning the statute and regulations which speak for themselves and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

49. Defendant Merino admits that it contracted with Hendrix Produce to harvest crops during the 2007 harvest season. Defendant Merino denies all other parts of this paragraph.

50. Defendant Merino admits Paragraph 50. Defendant Merino further states that the referenced document speaks for itself.

51. No response to Paragraph 51 is necessary as the referenced document speaks for itself.

52. No response to Paragraph 52 is necessary as the referenced document speaks for itself. To the extent a response is required, Defendant Merino denies this paragraph.

53. Defendant Merino admits this paragraph.

54. Defendant Merino has insufficient information to admit or deny Paragraph 54. Defendant Merino further states that the referenced document speaks for itself.

55. Defendant Merino has insufficient information to admit or deny Paragraph 55. Defendant Merino further states that the referenced document speaks for itself.

56. Defendant Merino has insufficient information to admit or deny Paragraph 56. Defendant Merino further states that the referenced document speaks for itself.

57. Defendant Merino has insufficient information to admit or deny Paragraph 57.

58. Defendant Merino admits that it contracted with Hendrix Produce to harvest crops during the 2008 harvest season. Defendant Merino denies all other parts of this paragraph.

59. Defendant Merino admits Paragraph 50. Defendant Merino further states that the referenced document speaks for itself.

60. No response to Paragraph 60 is necessary as the referenced document speaks for itself.

61.   No response to Paragraph 61 is necessary as the referenced document speaks for itself.  To the extent a response is required, Defendant Merino denies this paragraph.

62.   Defendant Merino admits this paragraph.

63.   Defendant Merino has insufficient information to admit or deny Paragraph 63.  Defendant Merino further states that the referenced document speaks for itself.

64.   Defendant Merino has insufficient information to admit or deny Paragraph 64.  Defendant Merino further states that the referenced document speaks for itself.

65.   Defendant Merino has insufficient information to admit or deny Paragraph 65.  Defendant Merino further states that the referenced document speaks for itself.

66.   Defendant Merino has insufficient information to admit or deny Paragraph 66.

67.   Defendant Merino admits that it contracted with Hendrix Produce to harvest crops during the 2009 harvest season.  Defendant Merino denies all other parts of this paragraph.

68.   Defendant Merino admits Paragraph 68.  Defendant Merino further states that the referenced document speaks for itself.

69.    No response to Paragraph 69 is necessary as the referenced document speaks for itself.

70.    Defendant Merino admits this paragraph.

71.    Defendant Merino has insufficient information to admit or deny Paragraph 71.  Defendant Merino further states that the referenced document speaks for itself.

72.    Defendant Merino has insufficient information to admit or deny Paragraph 72.  Defendant Merino further states that the referenced document speaks for itself.

73.    Defendant Merino denies this paragraph.

74.    Defendant Merino denies this paragraph.

75.    Defendant Merino denies this paragraph.

76.    Defendant Merino denies this paragraph.

77.    Defendant Merino has insufficient information to admit or deny Paragraph 77.

78.    Defendant Merino has insufficient information to admit or deny Paragraph 78.

79.    Defendant Merino has insufficient information to admit or deny Paragraph 79.

80.   Defendant Merino has insufficient information to admit or deny Paragraph 80.

81.   Defendant Merino has insufficient information to admit or deny Paragraph 81.

82.   Defendant Merino has insufficient information to admit or deny Paragraph 82.

83.   Defendant Merino has insufficient information to admit or deny Paragraph 83.

84.   Defendant Merino has insufficient information to admit or deny Paragraph 84.

85.   Defendant Merino has insufficient information to admit or deny Paragraph 85.

86.   Defendant Merino has insufficient information to admit or deny Paragraph 86.

87.   Paragraph 87 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

88.   Defendant Merino has insufficient information to admit or deny Paragraph 88.

89.    Paragraph 89 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

90.    Defendant Merino denies this paragraph.

91.    Paragraph 91 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

92.    Paragraph 92 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

93.    Paragraph 93 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

94.    Defendant Merino denies Paragraph 94.

95.    Paragraph 95 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

96.    Paragraph 96 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

97.   Defendant Merino admits that her H-2A employees, which include some of the Named and Opt-In Plaintiffs that brought this lawsuit, were paid on a piece-rate basis in accordance with the certified H-2A contract.  Defendant Merino denies all other allegations in this paragraph.

98.   Defendant Merino denies Paragraph 98.

99.   Defendant Merino denies Paragraph 99.

100.  Defendant Merino denies Paragraph 100.

101.  Defendant Merino denies Paragraph 101.

102.  Paragraph 102 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

103.  Paragraph 103 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

104.  Paragraph 104 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

105.  Paragraph 105 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

106.   Paragraph 106 does not contain an allegation which requires a response.

107.   Defendant Merino admits that Plaintiffs purport to bring this matter as a representative action under the FLSA.   Defendant Merino denies all other allegations of Paragraph 107.

108.   Paragraph 108 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

109.   Paragraph 109 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

110.   Paragraph 110 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

111.   Paragraph 111 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

112.   Paragraph 112 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

113.   Paragraph 113 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

114.   Paragraph 114 does not contain an allegation which requires a response.

115.   Paragraph 115 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

116.   Paragraph 116 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

117.   Paragraph 117 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

118.   Paragraph 118 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

119.   Paragraph 119 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

120. Paragraph 120 calls for a legal conclusion and does not require a response. To the extent that a response is required, Defendant Merino denies this paragraph.

121. To the extent that the prayer for relief must be answered, it is denied.

122. All other allegations not specifically admitted are denied.

## SECOND DEFENSE

Plaintiffs' fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant Merino was not the employer of each Name and Opt-In Plaintiff that brought this complaint and therefore is not liable for claims asserted by Plaintiffs where there is no employer-employee relationship.

## FOURTH DEFENSE

At all relevant times, Defendant Merino's acts were in good faith and she had reasonable grounds to believe that her actions were in conformity with all relevant provisions of the FLSA which bars this action pursuant to 29 U.S.C. § 259.

## FIFTH DEFENSE

Defendant Merino did not willfully violate any provision of the FLSA.

## SIXTH DEFENSE

Plaintiffs are not entitled to liquidated damages.

## SEVENTH DEFENSE

For her contracted H-2A workers, Defendant Merino reimbursed their pre-employment inbound costs in the first pay period as required under the law.

## EIGHTH DEFENSE

Some of the purported similarly situated employees may be exempt from the minimum wage and overtime provisions of the FLSA.  Defendant Merino retains the right to assert any applicable exemptions for employees who join this action.

## NINTH DEFENSE

Some or all of the claims are barred by the two year statute of limitations on breach of employment contract and two year statute of limitations on the claims under the FLSA.

## TENTH DEFENSE

At all times, the hourly pay of Plaintiffs, determined by dividing total compensation paid by total number of hours worked in a week, exceeded the applicable minimum wage required by Section 6 of the FLSA.

## ELEVENTH DEFENSE

There was not a meeting of the mind on essential elements of the purported contracts.

## TWELFTH DEFENSE

Defendant Merino alleges that to the extent the Plaintiffs seek equitable relief; Plaintiffs' inequitable conduct constitutes unclean hands and therefore bars the granting of relief to them.

## THIRTEENTH DEFENSE

Defendant Merino is informed and believes and on such information and belief alleges that the Plaintiffs breached their contract, if any, with Defendant, and that by reason of said breach of contract, Defendant has been excused of her duties to perform all obligations set forth in said contract.

## FOURTEENTH DEFENSE

Defendant Merino is informed and believes, and on such information and belief, alleges that Plaintiffs were engaged in conduct that constitutes a waiver of their rights under the contract alleged in the complaint. By reason of said waiver, Defendants are excused from further performance of the obligations under the alleged contract.

## FIFTEENTH DEFENSE

Defendant Merino alleges that Plaintiffs' actions constituted a full release and waiver by them of any and all claims which Plaintiffs may have against Defendant Merino.

## SIXTEENTH DEFENSE

Defendant Merino is informed and believes and thereon alleges that the Plaintiffs have failed to mitigate and lessen damages, if any it sustained, as required by law, and is barred from recovery by reason thereof against Defendant Merino.

## SEVENTEENTH DEFENSE

Defendant Merino is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which the Plaintiffs seek by way of their complaint, said claims or obligations are unenforceable because the written agreement is not fully integrated.

## EIGHTEENTH DEFENSE

Defendant Merino has paid Plaintiffs any payments due under the contract.

## NINETEENTH DEFENSE

Plaintiffs have accepted payment in full accord and satisfaction of any obligations Defendant Merino may have had under the terms of contract.

WHEREFORE, Defendant Merino respectfully requests this case be dismissed with prejudice and that this Court award attorney fees, costs and such other relief as this Court deems just and proper.

Respectfully submitted this 18th day of June, 2010.


|  |  |
|---|---|
|  | /s/ J. Larry Stine |
| Wimberly, Lawson, Steckel, | J. Larry Stine, Esq. |
| Schneider & Stine, P.C. | Ga. Bar No. 682555 |
| 3400 Peachtree Rd. NE Ste. 400 | Ray Perez, Esq. |
| Atlanta, Georgia 30326 | Georgia Bar No. 142466 |
| (404) 365-0900 | *Attorneys for Defendant Merino* |
| jls@wimlaw.com |  |
| rp@wimlaw.com |  |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| **CLEMENTE GARCIA-MANCHA, et al.** | * | |
| **and all others similarly situated,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 6:10-** |
| | * | **CV-00036** |
| | * | |
| **HENDRIX PRODUCE, INC., RAYMOND** | * | |
| **EARL HENDRIX, INDIVIDUALLY,** | * | |
| **YESENIA MERINO AND JUANA ROJAS** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date electronically filed Defendant Yesenia Merino's Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

This 18th day of June, 2010.

WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.

/s/ J. Larry Stine
J. Larry Stine, Esq.
Georgia Bar NO. 682555
Ray Perez, Esq.
Georgia Bar No. 142466
jls@wimlaw.com
rp@wimlaw.com
*Attorneys for Defendant Merino*

Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404)365-0900
Facsimile: (404)261-3707